IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SABRINA A. WAGONER                                              PLAINTIFF

v.                      Civil No. 12-2226

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                     DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Sabrina Wagoner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.**      **Procedural Background:**

This appeal concerns two applications for benefits filed by the Plaintiff. She filed her application for DIB on October 28, 2005, alleging an onset date of February 1, 2005, due to type I diabetes mellitus ("diabetes") and a seizure disorder. Tr. 51-55, 96-97, 173-174, 474-478, 515-516. By decision dated July 30, 2007, the Administrative Law Judge ("ALJ") concluded that Plaintiff was not entitled to disability benefits. Tr. 400-412. This matter was ultimately appealed to this court, and remanded on February 25, 2009. Tr. 393-399.

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On November 21, 2007, Plaintiff filed her application for SSI. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 68-71, 479-484. An administrative hearing was held on this application on March 12, 2009. Tr. 635-666. The claims were consolidated for a remand hearing was on her DIB application on June 4, 2009. Tr. 391, 667-695. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 48 years old and possessed a high school education. She had past relevant work "(PRW") experience as a she had past relevant work experience ("PRW") as a cashier II and general office clerk. Tr. 88-95, 98-99, 151-154, 162-163, 281, 506-507, 511-514.

On November 10, 2009, the ALJ combined both applications into one opinion, concluding that Plaintiff's diabetes mellitus and depression were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 424-427. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that he retained the residual functional capacity ("RFC") to

> perform lift and carry 10 pounds occasionally and less than 10 pounds frequently. The individual can sit for about 6 hours during an eight-hour workday and can stand and walk for at least 2 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can perform unskilled work.

Tr. 425. With the assistance of a vocational expert, the ALJ then concluded that Plaintiff could perform work as an assembly worker, charge account clerk, and escort vehicle driver. Tr. 428.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on July 30, 2012. Tr. 386-388. Subsequently, Plaintiff filed this action. ECF No. 1.

This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 9, 11.

## II. **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3),

1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)-(f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. Discussion:

We note that this case was previously remanded for the ALJ to reconsider Dr. Howell's treating source statement indicating that Plaintiff would need to take unscheduled breaks during an 8-hour shift and would need adequate provision to manager he diabetes at work. Tr. 394-398. However, in reviewing the ALJ's decision on remand, we find no mention of Plaintiff's need for unscheduled breaks, and certainly no inclusion of such limitations in the RFC determination. This is concerning to the undersigned, because as noted in our previous opinion, Plaintiff is a documented Type I insulin dependent diabetic. This means that her body does not produce enough insulin to convert sugar, starches, and other food into energy needed for daily life. Mayo Foundation for Medical Education and Research, Type I Diabetes,

http://www.mayoclinic.com/health/type-1-diabetes/DS00329/DSECTION=treatments-and-drugs (last accessed December 3, 2013). As a result, she has to rely on insulin injections to regulate her blood sugar levels. It also requires her to eat meals and snacks on a regular schedule and test blood sugar levels before and after meals. And, while it is true that she has not always been compliant with testing, the mere fact that she does not test as often as she should does not negate the fact that she is an insulin dependent diabetic. This requires her to self administer insulin injections before and often times after eating a meal or snack. As such, we find Dr. Howell's recommendation of unscheduled breaks and diabetic provisions to be reasonable. The real issue here is the frequency and length of these required breaks.

The ALJ criticized Dr. Howell's statement, alleging that he relied solely upon Plaintiff's subjective complaints and made conclusory statements. However, we do not find his assessment to be conclusory at all. True, he could have elaborated more and provided information concerning the effect, if any, Plaintiff's noncompliance with testing has on her illness. But, we find it to be the ALJ's duty to develop the record with regard to these issues, which he clearly did not do. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) (ALJ owes a duty to a claimant to develop the record fully and fairly to ensure her decision is an informed decision based on sufficient facts); *Johnson v. Astrue*, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ should recontact a treating or consulting physician if a critical issue is undeveloped). Accordingly, we find remand necessary to allow the ALJ to reconsider Dr. Howell's treating source statement. On remand, the ALJ is ordered to recontact Dr. Howell for additional information concerning the effect, if any, Plaintiff's failure to regularly check her blood sugar levels has on her Type 1 diabetes and for additional information concerning the frequency and length of the breaks

5

required to manage her diabetes. This should include information regarding the number of meals and snacks she eats daily, the number of insulin injections she administers, and how a sliding scale insulin regimen might impact the frequency of length of the required breaks.

The record also reveals that Plaintiff experiences both hypoglycemic and hyperglycemic episodes due to fluctuations in her blood glucose levels. This results in dizziness and shakiness, which could impact her ability to work near hazardous equipment and heights, as well as drive and operate machinery. And, while the July 30, 2007, administrative opinion provided for her inability to work around heights, the opinion presently before the court does not. Accordingly, on remand, the ALJ is also directed to revisit these limitations.

## IV.   Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this <u>9th</u> day of December 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)